## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

MARION P. HAMMER,
An individual and Florida resident

           **CASE No. 4:25-cv-00219-AW-MAF**

  Plaintiff,

v.

NATIONAL RIFLE
ASSOCIATION OF AMERICA,

  Defendant.
_____/

## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant, NATIONAL RIFLE ASSOCIATION OF AMERICA ("Defendant"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. §1404(a), and/or 28 U.S.C. §1406(a), respectfully submits this Motion to Transfer Venue seeking to transfer this lawsuit, commenced by Plaintiff, MARION P. HAMMER ("Plaintiff"), to the United States District Court for the Eastern District of Virginia – Alexandria Division, and in support thereof states:

## PRELIMINARY STATEMENT

On May 8, 2025, Plaintiff filed her Complaint in the Northern District of Florida, asserting six causes of action: (1) breach of contract; (2) violation of Florida Statutes § 540.08 (unauthorized use of name, image, and likeness); (3)

common law invasion of privacy; (4) unjust enrichment; (5) conversion; and (6) violation of the Florida Deceptive and Unfair Trade Practices Act. *See* [D.E. 1].

Each of these claims arises out of or directly relates to Plaintiff's prior contractual relationship with Defendant, which is governed by a written agreement containing a valid and enforceable forum-selection clause ("Agreement"). That clause provides that the Agreement "shall be governed by the applicable laws of the Commonwealth of Virginia," and that "any legal action arising under or relating to this Agreement or the breach hereof shall be brought only in a court situated in the City of Alexandria or the County of Fairfax, Commonwealth of Virginia." *See* [D.E. 1, Ex. A ¶¶ 5(E)-(F)]. The Agreement further provides that the Parties "submit and consent to the exercise of personal jurisdiction over them by such courts for the purpose of any such action."

While Plaintiff appears to reside in Tallahassee, Florida, her chosen forum is irrelevant to the venue analysis here. By signing the Agreement, Plaintiff unequivocally consented to the exclusive jurisdiction of the Virginia courts for any dispute arising out of or related to the Agreement. The claims she now asserts—whether styled in contract, tort, or equity—all stem from the alleged breach of contract, which give rise to all other causes of action in the Complaint.

Because this action falls squarely within the scope of the mandatory forum-selection clause, and Plaintiff has contractually consented to jurisdiction in Virginia, transfer to the United States District Court for the Eastern District of Virginia, Alexandria Division, is required under 28 U.S.C. § 1404(a). As set forth below, the forum-selection clause is controlling, and Plaintiff cannot meet her burden to demonstrate any extraordinary circumstances that would justify disregarding it.

## SUMMARY OF RELEVANT FACTS

Plaintiff brings this action against the National Rifle Association of America ("NRA"), asserting six causes of action that all arise out of, or directly relate to, the parties' contractual relationship. While Plaintiff attached a version of the Agreement as Exhibit A to the Complaint [D.E. 1-1], that version is not a true and correct copy of the operative agreement. The actual agreement (the "True and Correct Agreement")—attached hereto as Exhibit 1—contains a material provision omitted from Plaintiff's version: a paragraph labeled "C" under the "Terms and Termination" section. *See* True and Correct Agreement, attached as Exhibit 1. This paragraph expressly provides that the NRA may terminate the agreement at will and at any time, a term that bears directly on the viability of Plaintiff's claims.

Although this discrepancy will be a central issue in the case, neither party disputes the accuracy of the remaining contractual provisions in the Agreement. The Agreement was entered into on or about January 1, 2019, between the NRA and Plaintiff, who agreed to serve as a consultant. *See* [D.E. 1-1, ¶ 2(A)]; Ex. 1 ¶ 2(A). Under the Agreement, Plaintiff was retained to provide analysis, advice, and other consulting services as directed by the NRA's Executive Vice President and Executive Director. *See* [D.E. 1-1, ¶ 1]; Ex. 1 ¶ 1. The Agreement provided for a term beginning January 1, 2018, and ending December 31, 2019 [D.E. 1-1, ¶ 2(A)], unless earlier terminated pursuant to the termination clause in the True and Correct Agreement described above. *See* Ex. 1 ¶ 2(C). Plaintiff was to be compensated at a rate of $168,000 per year for her services. *See* [D.E. 1-1, ¶ 3(A)]; Ex. 1 ¶ 3(A)

Crucially, both the Agreement and the True and Correct Agreement contain a mandatory forum-selection clause and a choice-of-law provision, set forth in Paragraphs E and F of the "Miscellaneous" section, which state:

**E. "This Agreement shall be governed by the applicable laws of the Commonwealth of Virginia."**

**F. "Any legal action arising under or relating to this Agreement or the breach hereof shall be brought only in a court situated in the City of Alexandria or the County of Fairfax, Commonwealth of Virginia, and the parties hereto hereby submit and consent to the exercise of personal jurisdiction over them by such courts for the purpose of any such action."** *See* [D.E. 1-1, ¶¶ 5(E)-(F)]; Ex. 1 ¶¶ 5(E)-(F).

Plaintiff does not allege in her Complaint that the Agreement is invalid, void, or unenforceable in any respect. Nor does she contend that the forum-selection or choice-of-law provisions are inapplicable. To the contrary, the Complaint affirmatively relies on the Agreement as the foundation for Plaintiff's claims—most notably her breach of contract claim in Count I. *See* [D.E. 1 at ¶¶ 46-74]. Although the remaining causes of action are framed as torts or statutory violations, they are all predicated on the same alleged conduct that forms the basis of the contract claim and, as such, arise directly out of the parties' contractual relationship. *Id.* Each of these claims therefore "relates to" the Agreement and is subject to the forum-selection clause.

Having invoked the contract as the basis of her suit, Plaintiff cannot selectively disregard its provisions. Her subjective preference for a Florida forum is legally irrelevant. The Parties expressly agreed to resolve all disputes "arising under or relating to" the Agreement exclusively in Virginia, and that agreement is binding and enforceable. *See* [D.E. 1-1, ¶¶ 5(E)-(F)]; Ex. 1 ¶¶ 5(E)-(F).

## SUMMARY OF ARGUMENT

This action arises out of and directly relates to the Agreement (a written consulting agreement) between Plaintiff Marion P. Hammer and Defendant National Rifle Association of America ("NRA"). The Agreement contains a clear and enforceable forum-selection clause, which provides that any legal

action "arising under or relating to" the Agreement shall be brought exclusively in a court located in the City of Alexandria or the County of Fairfax, Commonwealth of Virginia. *See* [D.E. 1-1, ¶¶ 5(E)-(F)]; Ex. 1 ¶¶ 5(E)-(F). The Agreement includes a choice-of-law provision designating Virginia law as governing. *Id.*

It is evident from the face of the Complaint that Plaintiff voluntarily entered into the Agreement, accepted its terms, and now seeks to enforce rights that allegedly arise from it. She has not challenged the validity or applicability of the contract. Rather, Plaintiff's claims—including breach of contract, unjust enrichment, misappropriation of name and likeness, and related torts—are all predicated on alleged breaches of the Agreement, as well as resulting harms caused by those breaches and the natural consequences of the Agreement no longer being in effect. This means that each of the claims fall  squarely within the scope of the forum-selection clause.

Under binding U.S. Supreme Court precedent a valid forum-selection clause must be "given controlling weight in all but the most exceptional cases." *See Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49 (2013). Once such a clause is established, the plaintiff's choice of forum is entitled to no deference, and transfer is required unless public-interest factors "overwhelmingly disfavor" the preselected forum. *Id* at 60. No such factors are

present here. The Eleventh Circuit has consistently applied *Atlantic Marine* in favor of enforcing forum-selection clauses, even where private-interest factors weigh heavily in favor of transfer. *See In re AFC Franchising, LLC*, No. 23-10756, 2023 U.S. App. LEXIS 18030 (11th Cir. July 14, 2023).

Plaintiff resides in Florida, but she contractually agreed to litigate disputes in Virginia. *See* [D.E. 1-1, ¶¶ 5(E)-(F)]; Ex. 1 ¶¶ 5(E)-(F). The mere fact that she filed suit in the Northern District of Florida does not override the Parties' bargained-for venue. Because the forum-selection clause is binding, and because each of Plaintiff's claims falls within its scope, this matter must be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404(a).

## MEMORANDUM OF LAW

### I.    Relevant Legal Standards for Transferring Venue

Motions to transfer venue between federal districts are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to any other district where it might have been brought or to any district to which the parties have consented. While § 1404(a) ordinarily requires courts to engage in a balancing of private and public interest factors, this traditional analysis is

fundamentally altered when the parties' contract includes a valid and enforceable forum-selection clause. *See Atlantic Marine,* 571 U.S. at 63.

The United States Supreme Court's decision in *Atlantic Marine*, governs motions to transfer venue when a forum-selection clause is at issue. The Court held that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." 571 U.S at 62. The presence of such a clause fundamentally alters the traditional § 1404(a) analysis in three key respects. First, the plaintiff's choice of forum is entitled to no weight. *Id.* at 63. Second, the court must disregard the parties' private interests entirely, including any argument based on the plaintiff's convenience. *Id.* Third, the court may consider only public-interest factors, which the Supreme Court emphasized will "rarely defeat a transfer motion." *Id.* at 64.

The *Atlantic Marine* Court emphasized that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient." *Id*. Consequently, a valid and enforceable forum-selection clause is "controlling in all but the most exceptional cases." *Id.* at 60 (internal quotations and citation omitted).

In line with *Atlantic Marine*, Federal courts throughout the country—including those within the Eleventh Circuit—have routinely enforced forum-

selection clauses by granting motions to transfer under § 1404(a), even when doing so overrides the plaintiff's chosen venue. *See*, e.g., *Pappas v. Kerzner Int'l Resorts, Inc.*, 585 F. App'x 962, 967 (11th Cir. 2014) (affirming enforcement of forum-selection clause and transfer under *Atlantic Marine*); *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281–82 (11th Cir. 2009) (same).

To avoid transfer, a plaintiff must demonstrate that "extraordinary circumstances unrelated to the convenience of the parties" clearly disfavor the selected forum. *Atlantic Marine*, 571 U.S. at 62. Mere preference or inconvenience to the plaintiff does not suffice. *Id.* The burden rests squarely with the party resisting enforcement of the clause. *Id.*

## II.    The Forum-Selection Clause is Valid and Enforceable

The forum-selection clause at issue is both facially valid and enforceable under well-established federal law. The clause appears in Paragraphs E and F of the "Miscellaneous" section of the Agreement between Plaintiff Marion P. Hammer and Defendant the National Rifle Association of America ("NRA"), which expressly provide:

> **E. "This Agreement shall be governed by the applicable laws of the Commonwealth of Virginia."**

> **F. "Any legal action arising under or relating to this Agreement or the breach hereof shall be brought only in a court situated in the City of Alexandria or the County of Fairfax, Commonwealth of Virginia, and the parties hereto hereby submit and consent to the exercise of personal jurisdiction over them by such courts for**

**the purpose of any such action.”** *See* [D.E. 1-1, ¶¶ 5(E)-(F)]; Ex. 1 ¶¶ 5(E)-(F).

This forum-selection clause is mandatory in nature, leaving no room for discretion. The use of the term "shall be brought only" renders the provision exclusive, rather than permissive. *See Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (enforcing clause requiring suit to be brought "only in" a designated forum).

Moreover, there is no dispute that Plaintiff knowingly and voluntarily signed the Agreement containing the clause. Plaintiff does not allege that the forum-selection clause is invalid, unconscionable, the product of fraud, or otherwise unenforceable. To the contrary, Plaintiff affirmatively relies on the Agreement as the basis for her breach of contract claim (Count I) and incorporates it by reference throughout the Complaint. *See* [D.E. 1 at ¶¶ 44-74]. Plaintiff does not challenge the formation of the contract, nor does she allege that any portion of the agreement—including the forum-selection clause—was misrepresented or executed under duress.

Federal courts routinely uphold forum-selection clauses in commercial and consulting agreements where, as here, there is no credible allegation of fraud or overreaching specific to the clause itself. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) ("Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be

unreasonable under the circumstances."); *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (In the absence of evidence of fraud, undue influence, or overweening bargaining power, such clauses are routinely enforced.)

Here, Plaintiff expressly agreed to litigate any disputes "arising under or relating to" the Agreement in courts located in either the City of Alexandria or the County of Fairfax, Virginia, and further consented to the exercise of personal jurisdiction in those courts. The language of the clause is unequivocal and satisfies all criteria for enforcement under binding precedent. Because the forum-selection clause is valid, clearly expressed, and not subject to any plausible challenge, it must be enforced.

## III.   The Forum-Selection Clause Covers All of Plaintiff's Claims

### A.   Broad Forum-Selection Clauses Encompass Both Contract and Non-Contract Claims

The forum-selection clause in the Parties' Agreement mandates that "any legal action arising under or relating to this Agreement or the breach hereof shall be brought only in a court situated in the City of Alexandria or the County of Fairfax, Commonwealth of Virginia." *See* [D.E. 1-1, ¶ 5((F)]; Ex. 1 ¶ 5(F). This language is both mandatory and broad. Such clauses routinely encompass tort, statutory, and equitable claims that are factually or legally connected to the

contract, even if Plaintiff were to characterize them as independent of the Agreement's express terms.

Federal courts—including those within the Eleventh Circuit—interpret the phrase "relating to" broadly, applying it to all claims that have a significant relationship to the underlying contract, not just those that allege breach. This includes claims that arise as a fairly direct result of the performance of contractual duties, those that require interpretation of the agreement to resolve the dispute, and even those that sound in tort or statute but are nonetheless grounded in the contractual relationship. The Eleventh Circuit has emphasized that a forum-selection clause covering claims "arising out of or relating to" a contract should be given expansive effect, encompassing any dispute that bears a substantial connection to the agreement. *See Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987). Indeed, the *Stewart* Court expressly rejected a narrow reading of such clauses, noting that to do so would defeat the commercial expectations of the contracting parties and undermine the purpose of selecting a forum in advance. *Id.*

Applying this rule, the Eleventh Circuit and district courts within it have consistently held that plaintiffs may not avoid a forum-selection clause simply by styling their claims as torts, statutory violations, or equitable theories when the underlying facts arise out of the parties' contractual relationship. *Stewart*, 810

12

F.2d at 1070. Where the factual allegations are inextricably linked to the contract—even if the legal theory is not—the clause remains enforceable. *Id.* This principle ensures that parties cannot plead around a bargained-for forum by repackaging their claims in non-contractual terms.

These authorities demonstrate that courts will enforce forum-selection clauses when the underlying facts giving rise to a plaintiff's claims are rooted in the contract or require interpreting or applying its terms. That principle applies squarely here.

### B. Each of Plaintiff's Claims Arises from or Relates to the Agreement

Each of the Complaint's claims arises out of or directly relates to the Parties' Agreement. The gravamen of the Complaint is that Defendant allegedly breached the Agreement, Plaintiff has allegedly been damaged as a result, and Defendant has allegedly continued to use Plaintiff's NIL despite the fact that the contract was terminated. Thus, while Plaintiff asserts multiple theories of liability—including tort and statutory claims—the factual core of each count is grounded in contract.

Count I asserts a straightforward breach of contract, which falls squarely within the clause. *See* [D.E. 1 at ¶¶ 67-69]. Count II alleges a violation of Fla. Stat. § 540.08, Florida's statutory right of publicity law, based on the Defendant's purported unauthorized commercial use of Plaintiff's NIL. *See id.*

at ¶¶ 70-74. Any determination of whether the use was "unauthorized" under that statute requires analysis of what, if anything, was permitted under the Parties' Agreement. The existence and scope of the Parties' prior and current obligations central to the claim, placing it within the scope of the forum-selection clause.

Count III, which asserts a claim for common law invasion of privacy, is similarly based on the alleged misuse of Plaintiff's identity and likeness. *See* [D.E. 1 at ¶¶ 75-77]. Whether such alleged use constituted a privacy violation depends again on whether it was unauthorized. Courts have held that such a claim falls within a forum-selection clause when the contract governs the conduct alleged to be tortious. *See Bailey*, 705 F.3d at 1321.

Count IV asserts a claim for unjust enrichment and seeks to recover for benefits allegedly conferred on Defendant through its continued use of Plaintiff's name, image, and likeness. *See* [D.E. 1 at ¶¶ 78-81]. This claim also arises from the same nucleus of operative facts as the contract claim. It is well established that where a written agreement governs the relationship between the parties, unjust enrichment claims are routinely deemed to "relate to" the agreement. *See Team Servs. v. Securitas Elec. Sec., Inc.*, No. 22-12840, 2023 U.S. App. LEXIS 27739, at *6–7 (11th Cir. Oct. 19, 2023). Moreover, to the extent an unjust enrichment claim is ultimately barred due to the existence of an express contract,

such a conclusion necessarily requires reference to and application of the underlying agreement. *Id.*

Count V alleges a claim for conversion based on the wrongful appropriation of Plaintiff's NIL. *See* [D.E. 1 at ¶¶ 82-88]. Again, the viability of this claim depends on the scope of rights, if any, conveyed in the Agreement, as well as the Parties' obligations, if any, once the Agreement is terminated. If the contract authorized Defendant's use, or perhaps as alleged here, precludes the use after the contract is terminated, there can be no conversion. As with the other claims, resolving Count V requires reference to and interpretation of the Agreement.

Finally, Count VI is brought under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). *See* [D.E. 1 at ¶¶ 89-97]. The basis of this claim is that Defendant allegedly used Plaintiff's NIL for commercial benefit in a misleading or deceptive manner. Whether such use was improper or misleading again depends on what, if anything, the Parties' Agreement allowed or what the Parties' rights are once the contract is terminated. The claim also, as all the others, arises out of the same nucleus of operative facts, thereby implicating the forum selection clause.

In short, Plaintiff's entire lawsuit turns on her former contractual relationship with the NRA. The totality of Plaintiff's claims stem from a single

core allegation: that Defendant allegedly breached the Agreement. Each claim—whether framed in contract, tort, equity, or statute—requires the Court to examine the Parties' Agreement, any rights under it, and any continuing obligations after its termination, to determine any possible liability. Because the forum-selection clause expressly covers any action "relating to" the Agreement, and each of Plaintiff's claims arises out of or depends upon that Agreement, the clause governs this entire action and mandates transfer to the selected forum.

## IV.  Transfer to the Eastern District of Virginia is Required Under *Atlantic Marine*

Once a valid and enforceable forum-selection clause is established, the traditional venue analysis under 28 U.S.C. § 1404(a) no longer applies. In *Atlantic Marine*, the Supreme Court clarified that when a forum-selection clause governs the dispute, the analysis under § 1404(a) is sharply narrowed. The forum selected by the parties is presumptively controlling, and the case must be transferred unless the party opposing transfer can demonstrate truly "extraordinary circumstances" that clearly disfavor enforcement of the clause.

The *Atlantic Marine* Court outlined three significant modifications to the typical § 1404(a) balancing test when a forum-selection clause is at issue:  First, the plaintiff's choice of forum is entitled to no weight. Ordinarily, the plaintiff's selected forum receives substantial deference, but where the plaintiff has previously agreed to a different venue through a contractual forum-selection

clause, that preference is deemed waived. 571 U.S. at 63 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses.").

Second, the court must disregard the parties' private interests entirely. *Id.* at 64. Factors such as convenience to the plaintiff, the location of witnesses, or ease of access to sources of proof are no longer relevant. *Id.* Only public-interest factors—such as systemic court congestion, familiarity with governing law, and the local interest in deciding local controversies—remain in play, and the Court emphasized that these rarely suffice to overcome the strong presumption in favor of enforcing the clause. *Atlantic Marine*, 571 U.S. at 64.

Third, the party resisting enforcement of the forum-selection clause bears the heavy burden of showing that public-interest factors "overwhelmingly disfavor" the selected forum. *Id.* ("Because [these] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."). In short, enforcement of the clause is the rule, not the exception.

Applying *Atlantic Marine* here, transfer to the United States District Court for the Eastern District of Virginia is not only appropriate—it is mandatory. Plaintiff knowingly entered into a written agreement with a mandatory forum-selection clause requiring that all legal actions "arising under or relating to" the

17

agreement be brought only in a court located in the City of Alexandria or the County of Fairfax, Commonwealth of Virginia. As detailed above, each of Plaintiff's claims arises from or is directly related to that Agreement. Plaintiff has not alleged any fraud, coercion, or public policy concern that would call the validity or enforceability of that clause into question. Nor has she alleged that the clause was the result of unequal bargaining power or overreaching. Instead, she seeks to enforce other provisions of the very same Agreement.

The existence of the forum-selection clause renders any argument about Plaintiff's personal convenience or residence legally irrelevant. The Supreme Court has expressly held that such private considerations are not to be factored into the transfer analysis when the clause is valid and binding. *Atlantic Marine*, 571 U.S. at 64–65. Notwithstanding Plaintiff's alleged residence in Florida, she contractually waived her right to litigate this state. Convenience to the parties and witnesses cannot overcome a binding venue agreement freely entered into by both sides as discussed above.

Because the forum-selection clause is enforceable, applies to all of Plaintiff's claims, and has not been shown to present any extraordinary public-interest concerns, transfer under *Atlantic Marine* and 28 U.S.C. § 1404(a) is not merely permitted—it is required.

## V.    Plaintiff Cannot Show Any Extraordinary Circumstances That Would Justify Disregarding the Forum-Selection Clause

Under *Atlantic Marine*, once a valid forum-selection clause is established, the party opposing transfer bears the burden of showing that public-interest factors "overwhelmingly disfavor" enforcement of the selected forum. This is a high bar. The Supreme Court has emphasized that "in all but the most unusual cases," a valid forum-selection clause should be given controlling effect. *Atlantic Marine*, 571 U.S. at 66. By any measure, Plaintiff does not meet that burden in this lawsuit.

To the extent Plaintiff argues that litigating in Virginia would be inconvenient or burdensome due to her residence in Florida, that argument is foreclosed by *Atlantic Marine*.  Indeed, the Supreme Court has made clear that "a plaintiff's choice of forum merits no weight" in the face of a valid clause, and that private-interest factors—such as convenience, cost of litigation, or proximity to witnesses—must be "given no weight whatsoever." *Id.* at 64. By voluntarily entering into the consulting agreement and agreeing to litigate exclusively in Virginia, Plaintiff waived the right to object to that forum on the basis of inconvenience.

Nor are there any public-interest factors that weigh against transfer. This case does not present a situation where local Florida interests predominate or where there would be difficulty applying foreign law. To the contrary, the

Agreement contains a Virginia choice-of-law provision, and Plaintiff has made no showing that Virginia courts would be unfamiliar with the governing legal issues. There is no suggestion that court congestion, lack of procedural capacity, or any other systemic concern would render the Eastern District of Virginia an inappropriate venue. Courts routinely reject efforts to resist transfer in the absence of such clearly identifiable public harms. See *Pappas v. Kerzner Int'l Resorts, Inc.*, 585 F. App'x 962, 967 (11th Cir. 2014) (enforcing clause despite plaintiff's Florida residence and finding no exceptional public-interest concerns).

Moreover, Plaintiff has not alleged any fraud, overreaching, or bad faith in the formation of the forum-selection clause. She does not claim she was unaware of the provision or that it was concealed. In fact, she seeks to enforce the very same agreement in Count I of her Complaint. A party cannot selectively invoke portions of a contract to her benefit while ignoring those provisions that she finds inconvenient.

In short, this is not an "unusual case." It is an ordinary commercial dispute governed by a written agreement containing a clear and enforceable forum-selection clause. The public-interest factors do not "overwhelmingly disfavor" transfer. Plaintiff's effort to litigate this matter in Florida is based entirely on convenience and preference—precisely the considerations that *Atlantic Marine* has deemed irrelevant.

## CONCLUSION

For all of the foregoing reasons, this Court should transfer this lawsuit to the United States District Court for the Eastern District of Virginia, Alexandria Division.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and enter an order transferring this action to the United States District Court for the Eastern District of Virginia, Alexandria Division, for all further proceedings, and granting such other and further relief as the Court deems just and appropriate.

## N.D. Fla. Loc. R. 7.1(B) Certification

Pursuant to N.D. Fla. Loc. Rule 7.1(B), the undersigned certifies that counsel for the movant conferred with counsel for Plaintiff regarding the relief requested in this motion. Opposing counsel has indicated that Plaintiff does oppose the relief sought herein.

Dated: June 27, 2025                Respectfully submitted,

                                    JACKSON LEWIS, P.C.
                                    501 Riverside Avenue, Suite 902
                                    Jacksonville, Florida 32202
                                    Telephone:  (904) 638-2655
                                    Facsimile:  (904) 638-2656

                                    By:  */s/ Brian L. Hayden*
                                    Brian L. Hayden
                                    Florida Bar No.
                                    brian.hayden@jacksonlewis.com
                                    Robert H. Schmidlin
                                    Florida Bar No.
                                    robert.schmidlin@jacksonlewis.com

                                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of June 2025, a true and correct copy of the foregoing has been filed via CM/ECF and served via electronic mail to the following counsel of record:

Richard E. Coates
Fla. Bar No. 0930032
Email: rcoates@rcoateslaw.com
Secondary E-mail: sgreen@rcoateslaw.com
Coates Law Firm, PL

*Attorney for Plaintiff*

                                    */s/ Brian L. Hayden*
                                    Attorney

4897-1319-5345, v. 1