UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARION P. HAMMER,
An individual and Florida resident

    Plaintiff,                        **CASE No. 4:25-cv-00219-AW-MAF**

v.

NATIONAL RIFLE
ASSOCIATION OF AMERICA,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STAY
DEADLINE TO RESPOND TO COMPLAINT**

Defendant, NATIONAL RIFLE ASSOCIATION OF AMERICA LLC ("Defendant"), by and through its undersigned counsel, and pursuant to N.D. Fla. Loc. R. 7.1, hereby files this Motion to Stay Deadline to Respond to Complaint ("Motion to Stay") filed by Plaintiff, MARION P HAMMER, and in support thereof states:

    1.    Plaintiff filed her Complaint on May 8, 2025. [D.E. 1]

    2.    On June 27, 2025, Defendant filed a Motion to Transfer Venue [D.E. 7], which is currently pending before this Court.

    3.    In the interest of judicial economy, and to avoid unnecessary motion practice or responsive pleadings in a forum that may ultimately be

1

deemed improper, Defendant respectfully requests that the deadline to respond or otherwise plead to Plaintiff's Complaint be stayed until fourteen (14) days following entry of an Order ruling on Defendant's Motion to Transfer Venue.

4. The requested stay will conserve the resources of the Court and the Parties, particularly if this action is transferred to another venue.

5. This Motion to Stay is made in good faith, not for the purpose of delay, and is submitted to promote judicial efficiency and avoid unnecessary expenditure of time and resources.

## MEMORANDUM OF LAW

As stated by the Eleventh Circuit, district courts enjoy broad discretion "in deciding how best to manage the cases before [it]." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). *See also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706, (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 25455, (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances."). "Federal courts

2

routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, 2011 U.S. Dist. LEXIS 41104, *15 (S.D. Fla. Apr. 15, 2011) (citing, *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

Here, this lawsuit is in its infancy. Defendant has not yet responded or otherwise plead to the Complaint. Defendant's Motion to Transfer Venue is currently pending and, if granted, will result in this matter being litigated in a different judicial district. A brief stay of the deadline to respond or otherwise plead to the Complaint will not prejudice either Party. Rather, the requested stay will avoid a potential waste of the Court's and the Parties' resources. *See*, *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay … will often be appropriate."); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

This Motion to Stay is made in good faith, not for the purpose of delay or any improper objective, and will not prejudice any Party. The requested relief is narrowly tailored to preserve judicial economy and avoid unnecessary expense,

3

as a ruling on the pending Motion to Transfer Venue may result in the case proceeding in a different forum. By seeking to stay only the current response deadline, the Parties aim to conserve resources while awaiting the Court's decision on the Motion to Transfer Venue.

### N.D. Fla. Loc. R. 7.1(B) Certification

Pursuant to N.D. Fla. Loc. Rule 7.1(B), the undersigned certifies that counsel for the movant conferred with counsel for Plaintiff regarding the relief requested in this motion. Opposing counsel has indicated that Plaintiff opposes the relief sought herein.

WHEREFORE, Defendant requests that this Honorable Court issue an Order granting Defendant's Motion to Stay and extending the deadline for Defendant to respond or otherwise plead to Plaintiff's Complaint until fourteen (14) days following entry of an Order ruling on Defendant's Motion to Transfer Venue.

DATED: June 27, 2025.

        Respectfully submitted,

        **JACKSON LEWIS P.C.**

        */s/ Brian L. Hayden*
        Brian L. Hayden, Esq.
        Florida Bar No. 109081
        Brian.Hayden@jacksonlewis.com
        Robert H. Schmidlin, Esq.
        Florida Bar No. 1049839
        Robert.Schmidlin@jacksonlewis.com
        501 Riverside Avenue, Suite 902
        Jacksonville, FL  32202
        Telephone: (904) 638-2655
        Facsimile: (904) 638-2656

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 27th day of June 2025, a true and correct copy of the foregoing has been filed via CM/ECF and served via electronic mail to the following counsel of record:

Richard E. Coates
Fla. Bar No. 0930032
Email: rcoates@rcoateslaw.com
Secondary E-mail: sgreen@rcoateslaw.com
Coates Law Firm, PL

*Attorney for Plaintiff*

        */s/ Brian L. Hayden*
        Attorney